IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SALVADOR S. MARTINEZ,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **vs.** | )   Civil No.  13-cv-015-CJP[1] |
| | ) |
| **WARDEN JAMES N. CROSS,** | ) |
| | ) |
|     **Respondent.** | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Salvador Martinez, an inmate in the custody of the Bureau of Prisons (BOP), filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 4).

In 2002, a jury in the District Court of Kansas convicted Martinez of one count each of conspiracy to possess with intent to distribute a controlled substance and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §841(a)(1), (b)(1)(B) and 846. Petitioner was initially sentenced to life in prison, but after appeal his sentence was reduced to twenty years imprisonment. With good conduct time (GCT) Martinez's projected release date is July 9, 2018.

Petitioner argues that the BOP has miscalculated his sentence by not giving him credit for ninety-six days of GCT he lost from 2004 through 2011. (Doc. 4 at

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 19.

pg. 9). Martinez enrolled in the prison literacy program under 28 C.F.R. §544.70 that requires "an inmate confined in a federal institution who does not have a verified General Educational Development (GED) credential or high school diploma is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." In 2004, he completed 240 instructional hours and withdrew from the program. He reenrolled in the program in 2011. (Doc. 20, Exhibit C).

From 2004 through 2011 petitioner received forty-two days GCT a year instead of fifty-four days because he was no longer enrolled in the literacy program. Martinez argues that this is error because his completion of the 240 hours entitles him to the additional twelve days a year regardless of his enrollment status. (Doc. 4). Additionally, in his response to respondent's brief petitioner claims the lack of a teacher ended his studies in 2004, and transfers to new prisons kept him from beginning again until 2011. (Doc. 16).

## Analysis

First, this Court looks at petitioner's argument that his 240 hours of instructional credit alone were enough to qualify him for an additional twelve days of GCT from 2004 through 2011. According to 28 C.F.R. §523.20(c)(1),(2), an inmate will receive

> 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
> 42 days credit for each year served (prorated when the time

> served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

Respondent's records show that petitioner voluntarily withdrew from the program in February 2004 and was therefore deemed not to be making satisfactory progress toward earning a GED credential. (Doc. 20, Exhibit C). Since he was no longer making progress towards a GED he could not earn the additional twelve days GCT. Additionally, as respondent points out, the incentive for inmates to obtain a GED would be diminished if they could obtain the additional GCT by earning the required 240 hours of instruction without completing the GED requirements. *Holman v. Cruz*, **No. 08-647, 2008 WL 5244580 at \*2 (D.Minn. Dec. 15, 2008).**

Further, the 240 instructional hours required under 28 C.F.R. §544.70 kept petitioner from disciplinary action rather than earning him additional GCT under 28 C.F.R. §544.75. The regulation reads

> As with other mandatory programs, such as work assignments, staff may take disciplinary action against an inmate lacking a GED credential or high school diploma if that inmate refuses to enroll in, and to complete, the mandatory 240 instructional hours of the literacy program.

Therefore, petitioner's completion of the 240 mandatory instructional hours does not necessarily entitle him to more GCT. "While it is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours, it is also clear the BOP can withhold GCT credits if he refuses to continue to participate in the program." *Couch v. Patton*, **08-CV-9,**

3

**2008 WL 489329, at \*3 (E.D.Ky. Feb. 20, 2008).** Based on the foregoing, petitioner has failed to show any error on the part of the BOP in calculating his sentence and therefore this portion of his petition is denied.

The Court then looks to the petitioner's claims that he was unable to continue his studies due to the lack of a teacher and being transferred to new prisons. His arguments are unavailing. First, this Court lacks subject matter jurisdiction over the petition under 28 U.S.C. §2241 because they relate to his conditions of confinement.

A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate of speedier release. *Preiser v. Rodriguez*, **411 U.S. 475, 500 (1973);** *Falcon v. U.S. Bureau of Prisons*, **52 F.3d 137, 138 (7th Cir. 1995)** ("Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.") Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then "his challenge can only concern the conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition." *Glaus v. Anderson*, **408 F.3d 382, 388 (7th Cir. 2005).** *See also Pischke v. Litscher*, **178 F.3d 497, 499 (7th Cir. 1999)** (holding habeas corpus is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in a meaningful sense.")

Even if this Court could consider these issues, petitioner failed to

4

appropriately exhaust his claims within the administrative remedy process. There is no statutory exhaustion requirement that applies to § 2241 petitions. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). The Seventh Circuit, however, has recognized that a common law exhaustion requirement applies. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

In order to exhaust his administrative remedies, a federal prisoner must comply with the Administrative Remedy Program promulgated by the BOP, which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §542.10(a). The process includes a request for informal resolution, formal request for remedy to the Warden (BP-9), appeal to the BOP Regional Director (BP-10), and appeal to the General Counsel in the BOP Central Office (BP-11). 28 C.F.R. §§542.13, 542.14, and 542.15. A federal inmate must complete all steps of the administrative remedy process prior to filing a habeas petition under §2241, unless certain extenuating circumstances warranting an exception to the common law rule are applicable.

Respondent notes that the only administrative remedies Martinez pursued involved his claim that 240 instructional hours were enough for fifty-four days of GCT. (Doc. 20, pg. 2). Martinez did not mention the lack of a teacher or an inability to access classes due to transferring prisons until his response to respondent's first brief. (Doc. 4-1 at pgs. 3-11). Additionally, petitioner's records show he voluntarily withdrew from the program in 2004 and, despite recorded

5

opportunities to do so, chose not to reenroll until 2011. (Doc. 20, Exhibit C). Additionally, he withdrew from the program seventeen months before his transfer, indicating that transferring prisons did not diminish his opportunities to participate in the program. (Doc. 20, Exhibit B).

Therefore, assuming arguendo that his claims are cognizable under §2241 and the Court may exercise jurisdiction over the petition, Martinez's petition would still be denied because he failed to exhaust his administrative remedies and his claims have no merit.

## Conclusion

Salvador Martinez's petition for habeas relief under 28 U.S.C. §2241 **(Doc. 4)** is **DISMISSED WITH PREJUDICE**. .

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: March 11, 2015.**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **UNITED STATES MAGISTRATE JUDGE**